# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEA LONDON, LIMITED,**

        **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-1683-Orl-22JGG**

**SEA GARDEN HOSPITALITY**
**MANAGEMENT, INC., et al ,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration by the Court *sua sponte.* After I granted the motion for Robert S. Reder, Esq., to appear specially in this case, I was advised by the Clerk of Court that Mr. Reder has, in the past year, appeared specially in at least seven other cases: Case No. 6:06-cv-556-Orl- 22JGG; Case No. 6:06-cv-650-Orl-22JGG; Case No. 6:06-cv-660-Orl-22JGG; 6:06-cv-661-Orl- 22JGG; 6:06-cv-662-Orl-22JGG; 6:06-cv-663-Orl-22JGG; 6:06-cv-891-Orl-22JGG.

Accordingly, it is **ORDERED** that in any future motions for admission of Mr. Reder to appear specially in cases pending this Court, he shall identify by case number all cases in which he has appeared in the United States District Court for the Middle District of Florida in the immediately preceding 365 days. He shall also address why his frequent appearances should not preclude him from seeking special admission under Middle District of Florida Local Rule 2.02, and why the Court should not refer any future motion to practice in this Court to the Florida Bar for a determination of whether his frequent appearances in cases in Florida should be considered the unlicensed practice of law in this state. *See Sanders v. Russell*, 401 F.2d 241, 246 (5th Cir.

1968); Rule 1-3.10, Rules Regulating the Florida Bar ("Non-Florida lawyers shall not be permitted to engage in a general practice before Florida courts. For purposes of this rule more than 3 appearances within a 365-day period in separate representations shall be presumed to be a 'general practice.'").

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties