### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

ALEA LONDON, LIMITED,

               Plaintiff,

-vs-                                       **Case No.  6:06-cv-1683-Orl-22UAM**

SEA GARDEN HOSPITALITY
MANAGEMENT, INC., et al ,

               Defendants.

_____

### REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

       This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 93)** |
| **FILED:** | **August 1, 2007** |

       **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

       The Court previously determined that sanctions were warranted against Plaintiff Alea London, Limited ("Plaintiff") to the extent of Defendants' [Bray & Gillespie III Management LLC, Oceans Resorts, Ocean Waters, LLC, and Bray & Gillespie, Inc.] attorneys' fees and costs pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. Section 1927.  Currently pending before the Court is Defendants' application for fees and costs.  The reasonableness of the fees and costs is determined pursuant to Fla. Stat. § 627.428.

## I.    INTRODUCTION

Defendants seek fees for representation by two law firms: Bryan Cave LLP ("Bryan Cave") and Fowler White Boggs Banker, P.A. ("FWBB").  John P. O'Flanagan of FWBB made an appearance on behalf of the Defendants and acted as local counsel for Bryan Cave in defending the litigation.  Doc. No. 12.  Brian Cave seeks fees of $42,301.00 (Doc. No. 94-2 at 12) and FWBB claims fees of $3,647.30 (Doc. No. 94-4 at 17).  Defendants additionally request an award of $4,366.71 for costs. Doc. No. 94-3 at 3.  Plaintiff opposes the Defendants' application. *See* Docket No. 104.  Plaintiff has agreed to the reasonableness of the hourly rates sought by Defendants' attorneys, except for the rate sought by Troy Froderman, Esquire of Bryan Cave, which Plaintiff argues is excessive.  Doc. No. 104 at 2..  Plaintiff raises additional arguments challenging the fees claimed by Defendants and seeks to reduce the billable hours of Bryan Cave to 73.0 hours, apply a blended rate of $230.00 to the 73.0 hours of Bryan Cave, and reduce Froderman's billing rate to $280.00 per hour.  Doc. No. 104 at 17.

## II.    ANALYSIS

### A.    Attorneys Fees

The Court is to apply Florida law to determine the amount of fees to be awarded under Fla. Stat. § 627.428, and the lodestar model is the appropriate method to determine the amount of fees and costs. The Defendants bear the burden of proving  the amount of their fee entitlement.

#### 1.    Calculation of the Lodestar

The lodestar is calculated by determining an appropriate hourly fee for the billing professional and multiplying that figure by the number of hours reasonably expended in prosecuting the prevailing party's successful claim. *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151 (Fla. 1985).  In

determining reasonable attorney fees, the courts are directed to use the criteria set forth in Disciplinary

Rule 2-106(b) [now Rule 4-1.5(b)] of The Florida Bar Code of Professional Responsibility. *Id*. at 1150.

Rule 4-1.5(b) sets forth the following factors to be considered:

>(1) The time and labor required, the novelty, complexity, and difficulty of the question involved, and the skill requisite to perform the legal service properly.

>(2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.

>(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature.

>(4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained.

>(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client.

>(6) The nature and length of the professional relationship with the client.

>(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services.

>(8) Whether the fee is fixed or contingent, and, if fixed as to the amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

After calculating the lodestar, the Court is required to consider whether the fee should be increased or

decreased based on a contingency risk.

2.     Reasonable Hourly Rates

The Plaintiff challenges the fees sought by Troy Froderman.  Plaintiff argues that the rates sought by Froderman do not reflect the prevailing rate in the legal community of Orlando.

The appropriate hourly rate is determined by the legal market where the lawsuit is filed.  *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).  If a party wants to recover non-local rates, it "must show a lack of attorneys practicing in that place who are willing and able to handle [its] claims." *Am. Civil Liberties Union of Ga. v. Barnes*,  168 F.3d 423, 437 (11th Cir. 1999).

The Defendants did not submit an expert affidavit with regard to the prevailing billing rate of Orlando, Florida.  Froderman states in his affidavit the hourly rates are "reasonable and appropriate and reflect the rates billed and paid in similar lawsuits." Doc. No. 94, ¶ 14.  Froderman's affidavit does not provide a sufficient evidentiary foundation to support an opinion regarding the reasonableness of the billing rates.

Froderman received his Juris Doctorate from Vanderbilt University in 1989 and was admitted to practice law in Arizona that same year. Doc. No. 94, ¶ 9.  Froderman maintains "although varied, [his] practice is devoted substantially to environmental and complex commercial litigation." *Id.*  Froderman states his billing rate was $470.00 "[d]uring the course of the defense of this matter;" however, he does not state whether he maintains that billing rate regularly. *Id.*

The Court itself is an expert on reasonable attorneys' fee rates and may form an independent judgment regarding reasonable rates either with or without the aid of witnesses.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing

-4-

market rates," which requires "more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781 (*citing Norman*, 836 F.2d at 1299).  Evidence may be established through either direct evidence of rates for similar services or by opinion evidence.  *Norman*, 836 F.2d at 1299.

The Court of Appeals for the Eleventh Circuit looks to skill as the ultimate determinate of compensation level because experience and reputation are  mirror image of skill.  *Norman*, 836 F.2d at 1300.  Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency.  *Norman*, 836 F.2d at 1300-1301. Organization means that "discovery devices and motions are thought out and not utilized in a random and erratic way or for the mere purpose of going through established routines. Efficiency means doing well just what ought to be done and doing it in a minimum time." *Norman*, 836 F.2d at 1301.  Legal skill, therefore, correlates to a knowledge of both trial practice and substantive law. *Norman*, 836 F.2d at 1301.

Although an attorney who must familiarize himself with either or both aspects of practice may prove exemplary as an advocate, he does not have a right to claim comparable skill to attorneys whose first actions are directed at the finer points of the case.  *Norman*, 836 F.2d at 1301.  No two attorneys possess the same skill; therefore, the Court must look to the range provided by the evidence and interpolate a reasonable market rate.  *Norman*, 836 F.2d at 1300.  In summary, the Eleventh Circuit mandates that a reasonable rate is determined by a range of fees established by the marketplace and modified by reference to an individual attorney's skill.  *Norman*, 836 F.2d at 1301; *e.g., Duckworth*,  97 F.3d 1393 (11th Cir.1996).

The lawsuit was filed in Orlando, so Orlando is the relevant legal market. Froderman carried the burden of establishing his billing rate is in line with the prevailing rate in Orlando. Although he did not provide supporting evidence, the Court has reviewed the several requests for fees and has determined the attorney billing rate charged by Froderman is excessive in comparison with insurance defense billing rates of attorneys in Orlando. A reasonable rate for Froderman based on Orlando rates is $350.00.

       3.    <u>Number of Hours Claimed</u>

The second step in determining the lodestar is to assess the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1302. Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment," excluding those hours not reasonably billable to a client irrespective of counsel's skill. The Court must deduct for redundant hours. *Norman*, 836 F.2d at 1301-02, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court must not consider an attorney's skill at this stage as this would constitute a double penalty; *i.e.*, the rate would first be decreased and the hours would then be lowered. *Norman*, 836 F.2d at 1301.

The fee applicant bears the burden of documenting the appropriate number of hours. *Norman*, 836 F.2d at 1303, citing *Hensley*, 461 U.S. at 437; *United States v. Blue Cross and Blue Shield of Florida, Inc.*, 882 F. Supp. 166, 170 (M.D. Fla. 1995). Generalized statements concerning reasonableness are of little or no assistance to the Court; rather, proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity. *Duckworth*, 97 F.3d at 1397-98; *Norman*, 836 F.2d at 1301. Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question, and may consider the request in light of its own knowledge and

experience with or without the aid of witnesses as to value or hours dedicated to litigation. *Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1303.

Defendants, through a Joint Status Report, agreed to withdraw their claim for fees related to services rendered in connection with Defendants' Opposition to Plaintiff's Motion to Intervene and Stay the Underlying Matters, which amounts to 47.4 hours, or $10,689.00. Docket No. 104. The Plaintiffs do not dispute the amount claimed for fees by Fowler White in the sum of $3,514.00. *Id.* However, the parties have not been able to resolve what portion of the remaining 134.6 hours and legal fees claimed by the firm of Bryan Cave, LLP in the sum of $31,612.50 are reasonable and recoverable. *Id.*

Plaintiff begins by challenging the amount of hours needed for research, analysis, and drafting of the Defendants Motion to Dismiss (Docket No. 17). *Id.* at 6. Plaintiff asserts the hours billed by the Defendants should be reduced to reflect a reasonable amount of hours. The total number of hours spent researching the dismissal motion was 18.0 hours, and 15.4 hours was spent drafting the motion. *See* Docket No. 94-2. The Plaintiff considers these hours excessive and requests that the Court reduce research hours to 6.0 hours and drafting hours to 8.0 hours. The Plaintiff further asserts that several entries are block billed making the Plaintiff unable to distinguish the billable amount per activity and determine whether or not they are reasonable. The Plaintiff requests that the block billed 6.8 hours be deducted from any fees awarded. The Court agrees with the Plaintiff that the hours expended in preparing the Motion to Dismiss are unreasonable. The hours will be reduced to a total of 14.0, and the hours that were block billed will be deducted.

Secondly, the Plaintiff argues that the 10.8 hours spent drafting the Motion for Sanctions (Docket No. 56) are excessive. Docket No. 104 at 7. The motion was 4 ½ pages in length. The Plaintiff requests

the Court to reduce any award by 4.8 hours "to reflect the appropriate amount of time for such a motion" which would award the Defendants for 6.0 hours. Docket No. 104 at 7-8.  The Plaintiff follows by refuting the hours spent on Docket Numbers 25 and 26, the Notice of Pendency of Other Actions and the Certificate of Interested Persons and Corporate Disclosure Statement. *Id.* at 8.  Plaintiff emphasizes that the two documents took a total of 8.5 hours to prepare wherein they are routine and required in any federal matter.  Plaintiff requests that the Court reduce the time to reflect a total of 4.0 hours spent while preparing the two documents.  Again, the Court agrees with the Plaintiff's requests and will reduce the hours accordingly.  The sanctions motion will be allotted 6.0 hours of time expended, and the remaining pleadings (Docket Nos. 25 and 26) will be allotted 4.0 hours total.

Additionally, the Plaintiff challenges the number of hours expended while propounding discovery.  Defendants' discovery consisted of Defendants' Request for Admissions to Plaintiff and Defendants' Interrogatories to Plaintiff.  *See* Docket No. 104-3.  The discovery request entails six requests for admissions and only one interrogatory.  The Defendants billed for 8.3 hours in preparation of the four page discovery request.  The Plaintiff considers this excessive and requests the Court to reduce the number of hours spent to 4.0 hours total.  The Court agrees with the Plaintiff that the requested 8.3 hours are excessive..  The preparation of the discovery requests should not have exceeded 4.0 hours.

The Defendants filed a Motion for Leave to File a Reply to Alea's Opposition to Defendants' Motion to Dismiss (Docket No. 29).  The motion is 5 pages in length and 2 of the 5 pages consist of the Certificate of Service and the 3.01(g) Certificate. *See* Docket No. 29.  The Defendants billed for 8.7 hours in preparing the motion, and the Plaintiff requests the total number of hours be reduced to 3.0

hours.  The Court agrees that the time claimed is unreasonable and will reduce the hours to 3.0. Following the motion for leave to file a reply, the Defendants filed Docket Number 50, Reply to Alea's Opposition to Defendants' Motion to Dismiss.  The Defendants billed for 9.3 hours and the Plaintiff seeks to have the hours reduced to 4.0 hours.  The Court does not agree with the Plaintiff's request with regard to the Defendants' Reply.  The Reply consisted of eight pages, and the hours billed for its preparation are reasonable.

The Defendants subsequently filed a second motion for leave to file a reply (Docket No. 78) which totaled three pages.  The Plaintiff requests the 7.7 hours billed be reduced to 2.0 hours.  Docket Number 81, the Defendants' second reply, is strikingly similar to Docket Number 50 with the exception of a few paragraphs, for which the Defendants billed 9.1 hours.  Plaintiff "fails to see how Defendants can support 9.1 hours for such additions to the Reply" and requests the Court to reduce the hours billed to 3.0. The Court agrees with the Plaintiff that the Defendants' hours drafting the second motion for leave to reply are unreasonable.  The hours are reduced accordingly.

The Plaintiff additionally maintains that the amount of time spent reviewing the Plaintiff's Motion for Summary Judgment (Docket No. 86) is excessive.  Plaintiff requests the Court to reduce the 3.1 hours billed to 1.1 hours. The Court does not agree with the Plaintiff, considering summary judgment motions critical and requiring additional review.  The 3.1 hours billed by the Defendants are reasonable.

The Plaintiff further requests the Court to reduce the 3.4 hours billed in drafting a Joinder in Sea Garden's Opposition to Alea's Motion for Summary Judgment.  The document was never filed with the Court; generally, they would not exceed a page in length. The Plaintiff seeks to reduce these hours to zero.  The Court agrees with the Plaintiff, and the time expended drafting the joinder will be deducted.

Finally, the Plaintiff requests the Court to reduce the hours billed in preparing Docket Number 90, Unopposed Motion for Extension of Time to File Response to Alea's Motion for Summary Judgment, from 1.2 hours to .8 hours. According to the Plaintiff, the unopposed motion consisted of only 1 ½ pages and should not require 1.2 hours of preparation. The Court declines to reduce the hours billed for the drafting of this unopposed motion.

Predominantly, the Court agrees with each objection raised by the Plaintiff. The hours billed by the Defendants were unreasonable and excessive in the preparation of the various motions discussed. The Plaintiff cannot be responsible for the payment of fees which entail, for example, three page motions encompassing nine hours of preparation. The hours Defendants claim are reduced as herein above settled on. The Court does find the application of a $240.00 blended rate to the remaining 80.7 hours reasonable after considering the hourly rates of the attorneys. *See* Docket No. 94-2.

### B.    Taxation of Costs

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[1] Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[2] *see also Crawford Fitting Co. v. J.T. Gibbons,*

---

[1]   Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2]   Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for

*Inc.*, 482 U.S. 437, 441 - 42 (1987).  The Court has the discretion to award those costs specifically

enumerated in 28 U.S.C. § 1920.  *See Crawford Fitting Co.*, 482 U.S. at 440-44.   The Court may not

tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44;  *see also Morrison v.*

*Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto Coll., Inc.*, 718 F.Supp. at 911.

   To rebut the presumption that the prevailing party receive costs, the losing party "must

demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the

prevailing side." *Desisto Coll., Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 (M.D. Fla.

1989)(quotations omitted), *declined to follow on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600

(11th Cir. 2000).  Thus, when challenging whether costs are properly taxable, the burden lies with the

losing party, unless the knowledge regarding the proposed cost is a matter "within the exclusive

knowledge of the prevailing party." *See Desisto Coll., Inc.*, 718 F. Supp.at 910 n.1.

a.    <u>Computer-Assisted Research</u>

   The Defendants' Bill of Costs includes $4,231.54 for computer-assisted research. *See* Docket No.

94-3.   The Plaintiff contends the research is an overhead cost which should be covered by the

Defendants' law firms.  Plaintiff requests the court to deduct the amount claimed for computer-assisted

research, leaving recoverable costs of $109.27.  Case law suggests computerized legal research fees are

---

use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

 A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

not taxable costs, deeming them unrecoverable. *See, Roberts v. Charter Nat. Life Ins. Co.*, 112 F.R.D. 411, 413 (S.D. Fla. 1986).  Therefore, the Defendants' costs shall be reduced accordingly.

b.    <u>Travel Time</u>

Plaintiff challenges whether travel and parking costs incurred by John O' Flanagan in the sum of $103.00 are recoverable. See Doc. No. 94-4. John O' Flanagan is an attorney practicing law in Tampa, Florida and appeared on behalf of the Defendants and acted as local counsel for Bryan Cave in defending the litigation.  Mr. O' Flanagan billed for travel and parking costs in the sum of $103.00.  The Plaintiff contends these fees are not taxable costs and should not be recoverable.

Florida courts generally have found that travel time for non-local counsel to travel to the place where the lawsuit is pending is unreasonable under the Florida Code of Professional Responsibility. *See, Chandler v. Chandler*, 330 So. 2d 190 (Fla. 2d Dist. Ct. App. 1976).  The courts reason that local attorneys would not charge a fee for local travel and, in the absence of a showing that no local counsel can handle the case, it is unreasonable to allow non-local counsel to charge a fee that local counsel would not assess.  *Id*. The present situation is slightly different as O' Flanagan acted as local counsel but he practices law in Tampa, Florida, necessitating a commute to appear before this Court.

The Eleventh Circuit has held general costs such as "courthouse parking fees" are clearly nonrecoverable. *See, Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  Likewise, Florida case law also maintains travel is not a recoverable cost pursuant to 28 U.S.C. Section 1920.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771, *10 (M.D. Fla. 2007).  Therefore, the Court deducts the costs billed for O' Flanagan's travel and parking.

-12-

## III.  <u>CONCLUSION</u>

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Application for Attorneys' Fees and Bill of Costs [Docket No. 93] be **GRANTED** in part and **DENIED** in part. The attorneys' time of Bryan Cave, LLP will be reduced to 80.7 hours of billing time, and, at a blended rate of $240.00, the total legal fees for Bryan Cave, LLP are $19,368.00.  The law firm of Fowler White should be awarded $3,514.00 in fees.  Recoverable costs should total $109.27 for Bryan Cave, LLP and $23.23 for Fowler White.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida this 11th day of December, 2007.

*Donald P. Dietrich*
_____
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Ann Conway
Counsel of Record
Unrepresented Party